**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

JONATHAN ADAMOW,          )
                                )
        Plaintiff,          )
                                )
        v.               )     No.  1:16-cv-927
                                )
NAVIENT SOLUTIONS, INC.      )
                                )
                                )
                                )
        Defendants.      )

## PLAINTIFF'S COMPLAINT

Plaintiff, JONATHAN ADAMOW, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of NAVIENT SOLUTIONS, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Defendant, NAVIENT SOLUTIONS, INC. negligently, knowingly, and or/willfully contacted Plaintiff on Plaintiff's cellular telephone in violation of the North Carolina Debt Collection Act ("NCDCA") N.C. Gen. Stat. § 75-50 to 56.

### JURISDICTION AND VENUE

1.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2.  This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.  Defendant conducts business in Elon, Alamance County, North Carolina.

1

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff, is a resident of Elon, Alamance County, North Carolina.

6. In April 2014, Sallie Mae Bank spun off its loan servicing division and created Navient Solutions, Inc.

7. Navient is a publicly traded U.S. corporation based in Wilmington, Delaware.

8. Navient services and collects on student loans.

9. Navient manages approximately $300 billion in student loans for over 12 million consumers.

## FACTUAL ALLEGATIONS

10. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's student loans.

11. None of the calls Defendant made to Plaintiff were for an emergency purpose.

12. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone xxx-xxx-6050 to service and collect on Plaintiff's student loans.

13. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from the following telephone numbers: 570-241-0198, 302-261-5781, 888-272-5543, 513-972-4972 and 877-830-7667.

14. The following telephone numbers are Defendant's phone numbers: 570-241-0198, 302-261-5781, 888-272-5543, 513-972-4972 and 877-830-7667.

15. On or about September 28, 2015, Plaintiff requested Defendant stop calling Plaintiff's

2

cellular telephone.

16. Despite Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

17. All of the calls Defendant made to Plaintiff's cellular telephone were made with the Noble Systems Dialer.

18. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

19. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

20. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

21. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

22. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

23. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone

24. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

25. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

26. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

34. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

35. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, JONATHAN ADAMOW, respectfully requests judgment be

4

entered against Defendant, NAVIENT SOLUTIONS, INC. for the following:

36. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

37. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

38. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

39. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE NORTH CAROLINA DEBT COLLECTION ACT

40. Plaintiff repeats and re-alleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count I Plaintiff's Complaint.

41. Defendant's conduct violated the NCDCA by:

    a. NAVIENT SOLUTIONS, INC. violated N.C.§75-52-(3) by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when NAVIENT SOLUTIONS, INC. continued to contact Plaintiff after Plaintiff's revocation;

42. Plaintiff was significantly harmed by Defendant's deceptive acts, oppression, abusive debt collection activities. Plaintiff's harm includes emotional distress, embarrassment, and extensive litigation and costs.

43. As a result of Defendant's willful and/or knowing violations, Plaintiff is entitled to recover

5

compensatory damages and requests treble damages, reasonable attorney's fees, N.C.§75-56(b), and in the event of an intentional violation, treble damages N.C.§75-56(c).

44. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, JONATHAN ADAMOW, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC., for the following:

45. As a result of Defendant's negligent violations of N.C.§75-52, Plaintiff is entitled to and requests $4,000.00 in statutory damages, for each and every violation, pursuant to N.C. §75-56(b);

46. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

47. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

July 11, 2016

By: /s/ Shireen Hormozdi
        Shireen Hormozdi
        Hormozdi Law Firm, PLLC
        North Carolina Bar No. 47432
        1770 Indian Trail Road, Suite 175
        Norcross, GA 30093
        Tel: 678–395-7795
        Cell: 678-960-9030
        Fax: 866-929-2434
        shireen@agrusslawfirm.com
        shireen@norcrosslawfirm.com